1
2
**TORRES BROTHERS, LLC.**
**ATTORNEYS AT LAW**
**VINCENT DLG. TORRES, ESQ. (FO258)**
P.O. Box 501856
3
Saipan, MP 96950
Bank of Guam Bld. 3rd Flr.
4
Tel.: (670) 233-5504/6
Fax: (670) 233-5510
5

*Attorneys for Plaintiff*
6
*Cynthia Attao*

**F I L E D**
**Clerk**
**District Court**

MAR 2 7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

7
8   **UNITED STATES DISTRICT COURT**
    **FOR THE**
    **NORTHERN MARIANA ISLANDS**
9

CYNTHIA ATTAO,                    )    CIVIL ACTION NO. _____ **08 – 0018**

10
                                  )
            **Plaintiff,**        )
11                                )
        **v.**                    )
12                                )    **COMPLAINT AND**
**TINIAN SHIPPING &**             )    **DEMAND FOR JURY TRIAL**
13  **TRANSPORTATION, INC.**      )
                                  )
14          **Defendants.**       )
                                  )
15  _____)

16
        Plaintiff Cynthia Attao, by and through counsel, Vincent DLG. Torres, Esq., submits this
17
Complaint and hereby alleges the following:
18

19

20                          **INTRODUCTION**

21  1.    This case arises out of the violation of Cynthia Attao's civil rights protected under the

22        United States and Commonwealth Constitutions and laws.

23

24

25                     **JURISDICTION AND VENUE**

26  2.    This action is brought pursuant to Title III of the Americans with Disabilities Act of 1990

27        as amended ("ADA"), 42 U.S.C. § 12182 and violation of Civil Rights Act of 1964.  The

28        Court also has supplemental jurisdiction over the various state law claims pursuant to 28

1  U.S.C. § 1367.

2  3.    Venue is proper in this Court under 28 U.S.C. § 1391.  All parties to this action are

3       residents of and/or present or doing business in the Commonwealth of the Northern

4       Mariana Islands (hereafter "CNMI").  Additionally, the facts giving rise to this lawsuit

5       occurred within this District.

6  4.

7                                      **PARTIES**

8  5.    Cynthia Concepcion Attao (hereafter "Plaintiff") is an individual, a resident of Saipan the

9       CNMI., and a United States citizen.

10  6.   Defendants, Tinian Shipping & Transportation, Inc., upon information and belief, is a

11      corporation duly organized under the laws of the CNMI and was conducting business in

12      the CNMI at all times pertinent to this Complaint.  Defendant and its employees, agents

13      and representatives are hereafter referred to as "Defendant".

14

15                                       **FACTS**

16  7.   Plaintiff is a Chamorro who was born and raised on Saipan, and has lived here her entire

17      life.

18  8.   Plaintiff is permanently disabled and is confined to a wheelchair.

19  9.   Defendant owns a ferry boat and is in a business of transporting people from Saipan to

20      Tinian and from Tinian to Saipan.

21  10.  Plaintiff purchased a round trip ticket from Defendant to leave Saipan to Tinian on July

22      22, 2006 and to return on July 25, 2006.

23  11.  On or about the early morning of July 22, 2006, Plaintiff boarded Defendant's ferry and

24      went to Tinian.

25  12.  On or about July 25, 2006, Plaintiff was picked up from Tinian Dynasty and brought to

26      the dock in Tinian to board Defendant's ferry to Saipan.

27  13.  Upon arriving at the dock, Plaintiff proceeded to the ramp area to board the Defendant's

28      ferry.

14. At the entrance gate to the ferry, the Captain of the Defendant's ferry stopped the Plaintiff from boarding the ferry.

15. The Captain instructed the Plaintiff to not board and to move aside so that the Chinese passengers first board the ferry.

16. The Captain specifically told Plaintiff that Chinese passengers were given first priority to board that ferry.

17. Plaintiff had to wait until all the Chinese passengers had boarded the ferry.

18. It was raining at the time Defendant told Plaintiff that Chinese were priorities; nevertheless, Plaintiff was forced to wait in the rain and consequently her clothes were soaking wet by the time all the Chinese boarded the ferry.

19. Plaintiff was discriminated against, and she was embarrassed and humiliated.

## CAUSES OF ACTION

### I.

### Violation of the American Disabilities Act of 1990

20. Paragraphs one (1) through nineteen (19) of this complaint are incorporated herein as if fully set out here.

21. Defendant violated the American Disabilities Act of 1990 (42 U.S.C.A. § 12182 (a)) (hereafter "ADA") when it discriminated against Plaintiff's disability because it prevented Plaintiff from boarding the ferry in light of the fact that the Plaintiff was disabled.

22. Defendant further violated the ADA when it discriminated against Plaintiff because it gave priority boarding to only Chinese passengers in light of the fact that Plaintiff is a Chamorro.

23. Defendant further violated the ADA when it discriminated against Plaintiff's disability because it denied Plaintiff the full and equal enjoyment of the Defendant's business goods, services, facilities, privileges, advantages, and accommodations.

24. Wherefore, Plaintiff is entitled to compensatory damages, special damages, actual

1    damages, punitive damages and attorneys fees and costs.

2

3                                      **II.**

4                    **Violation of the Consumer Protection Act**

5    25.    Paragraphs one (1) through twenty four (24) of this complaint are incorporated herein as

6           if fully set out here.

7    26.    Defendant represented to Plaintiff that Chinese costumers are priorities over Plaintiff, a

8           Chamorro,  which confused Plaintiff as to the priorities of costumers because Defendant

9           had no requirement or policy of such priorities, which is a violation of 5CMC § 5105 (l).

10   27.    Defendant represented to Plaintiff that Chinese costumers are priorities over Plaintiff, a

11          Chamorro, which is unfair to Plaintiff, which is a violation of 5CMC § 5105 (m).

12   28.    Defendant performed services of transporting passengers, including Plaintiff, between

13          Saipan and Tinian, and disseminating to the public including Plaintiff that its services

14          provide priorities for Chinese, over Plaintiff, to enter the ferry first, which is untrue or

15          misleading, and which is known, or which by the exercise of reasonable care should be

16          known, to be untrue or misleading, which is a violation of 5CMC § 5109 (a).

17   29.    Defendant discriminated Plaintiff by telling Plaintiff, a Chamorro, that Chinese costumers

18          are priorities over Plaintiff and then refused to allow Plaintiff to board the ferry until all

19          the Chinese customers boarded the ferry, which is a violation of 5 CMC § 5120.

20   30.    Defendant knew or should have known that it was against the law to discriminate against

21          an individual based on race and disability.

22   31.    Despite knowing the law, Defendant Discriminated against Plaintiff.

23   32.    Wherefore, as a result of Defendant's intentional and wilful discrimination against

24          Plaintiff, Plaintiff is entitled to compensatory damages, special damages, actual damages,

25          attorney fees and costs pursuant to the Consumer Protection Act including, but not

26          limited to, 4 CMC  §§ 5111 and 5112.

27

28   / / / /

### III.

### Breach of Contract

33.   Paragraphs one (1) through thirty two (32) of this complaint are incorporated as if fully set out here.

34.   Defendant operates a Ferry boat business that transports people between Saipan, CNMI and Tinian, CNMI.

35.   Defendant has a duty to properly and safely transport all paid passengers from the dock into the ferry and upon destination, from the ferry to the dock from Saipan to Tinian and from Tinian to Saipan.

36.   Defendant had a duty to properly and safely transport all handicap paid passengers confined to a wheelchair from the dock into the ferry and upon destination, from the ferry to the dock.

37.   Defendant had a duty to transport all handicap paid passengers confined to a wheelchair without any discrimination from the dock into the ferry and upon destination, from the ferry to the dock.

38.   Defendant breached its duty when it discriminated plaintiff by preventing Plaintiff to board the ferry and allowing the Chinese customers to board the ferry because Plaintiff was disabled.

39.   Defendant breached its duty when it discriminated plaintiff by giving Chinese people first priority to board the ferry over Plaintiff because Plaintiff was a Chamorro.

40.   As a direct and proximate result of Defendant's intentional and willful actions, Plaintiff sustained injuries resulting from such discrimination.

41.   Wherefore, Plaintiff is entitled to compensatory damages, actual damages and attorney fees and costs.

### IV.

### Violation of Civil Rights Act of 1964

42.   Paragraphs one (1) through forty one (41) of this complaint are incorporated as if fully set out here.

43. Defendant violated the Civil Rights Act of 1964 (hereafter "Civil Rights Act") when it discriminated against Plaintiff's race by:

    a.    Preventing Plaintiff from boarding the ferry because the Plaintiff was Chamorro and not Chinese;

    b.    Claiming, ensuring and treating Chinese passengers with preferential treatment;

    c.    Denying Plaintiff any preferential treatment because she is Chamorro;

    d.    Forcing Plaintiff to stand aside and wait for Chinese passengers to pass Plaintiff and to board the ferry with priority;

    e.    Forcing Plaintiff to wait in the rain while Chinese passengers were given priority to board the ferry, a safe and dry area.

44. The Civil Rights Act applies to the Defendant through the Interstate Commerce Clause.

    a.    Defendant is involved in the economic activity of operating a ferry to transport people and their luggage between Saipan and Tinian.

    b.    Defendant has availed itself to the use of the water channel between Saipan and Tinian.

    c.    Defendant operated the instrument of a ferry to transport instrumentalities, people of all races and origins, between Saipan and Tinian.

45. Defendant's activities and business is subjected to the Civil Rights Act because the Interstate Commerce Clause enables Legislature to pass laws which affect interstate commerce.

    a.    Defendant's discrimination against Plaintiff, multiplied, creates a substantial economic effect which impedes on interstate commerce travel.

46. The conduct of Defendant as described herein resulted in the discrimination of Plaintiff, therefore, entitling Plaintiff to punitive damages and attorney's fees in an amount to be proven at trial.

/ / / /

**V.**

**Violation of the CNMI Constitution**

47.   Paragraphs one (1) through forty six (46) of this complaint are incorporated herein after.

48.   The actions of Defendant deprived Plaintiff of Plaintiff's rights guaranteed by the Constitution of the Northern Mariana Islands, including, but not limited to her rights under Article I § 5 to due process of law and her right not to be discriminated under Article I § 6.

49.   The actions of Defendant caused Plaintiff to suffer injury and damages, and she is therefore entitled to punitive damages and attorney's fees in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

1.   Against Defendant and in favor of Plaintiff for violating the American Disabilities Act of 1990;

2.   Against Defendant and in favor of Plaintiff for Defendant violating the CNMI Consumer Protection Act;

3.   Against Defendant and in favor of Plaintiff for Defendant's Breach of Contract;

4.   Against Defendant and in favor of Plaintiff for Defendant's Violation of Civil Rights Act of 1964;

5.   Against Defendant and in favor of Plaintiff for Defendant's Violation of the CNMI Constitution;

6.   Against Defendant and in favor of Plaintiff for compensatory damages, special damages, actual damages and punitive damages;

7.   Against Defendant and in favor of Plaintiff for costs and reasonable attorney's fees; and

8.   For such other and further relief to which Plaintiff is entitled to receive at law and/or in equity even though not demanded for in any of her pleadings.

1

## DEMAND FOR JURY TRIAL

2

3         Plaintiff requests a jury trial of her peers on all issues so triable.

4

5

6   DATED this ____27th____ day of March, 2008.

7

8                                         **TORRES BROTHERS, LLC**
                                          **ATTORNEYS AT LAW**
9

10

11                                        VINCENT DLG. TORRES, Esq.
                                          Attorneys for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28