VICTORINO DLG. TORRES, ESQ. (FO253)
VINCENT DLG. TORRES, ESQ. (F0258)
TORRES BROTHERS, LLC.
Attorneys At Law
Bank of Guam Bldg, 3rd Floor
P.O. Box 501856
Saipan, MP 96950
Tel. No.: (670) 233-5504/6
Fax No.: (670) 233-5510

Attorneys for Plaintiff

IN THE UNITED STATE DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| CYNTHIA ATTAO,<br><br>     Plaintiff,<br><br>     vs.<br><br>TINIAN SHIPPING and<br>TRANSPORTATION, INC.,<br><br>     Defendant, | Civil Action No. 08-0018<br><br>**MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: May 22, 2008<br>Time: 9:00 a.m.<br>Judge: Alex R. Munson |

**I.**

**INTRODUCTION**

The Defendant has moved to dismiss the first and fourth claims for relief under Plaintiff's Complaint for two specific reasons for failure to state a claim. First, the Defendant asserts that Plaintiff's First claim for relief fails to allege a claim for violation the Americans with Disabilities Act ("ADA). This argument must fail because Plaintiff clearly asserted factual allegation that Defendant violated the ADA as stated in the Complaint.

Second, Defendant argues that Plaintiff's Fourth claim for relief fails to state a violation of the Civil Rights Act of 1964 (CRA), as it does not allege any facts showing an effect on

1  commerce. The Defendant's argument must fail because Plaintiff asserted sufficient facts that Defendant violated CRA.

In addition, Plaintiff's complaint shall withstand any dismissal because the complaint provides that the ADA and CRA are applicable to Defendant through the Commerce Clause; Section 105 of the Covenant does not prevent the ADA from ADA's application in this case; and regardless of the application of the Commerce Clause to this case, the ADA and CRA on their own sufficiently establish the US government's jurisdiction over Defendant.

Plaintiff's First and Fourth Claims under the Complaint gave Defendant adequate notice of Plaintiff's claims for relief. Accordingly, Defendant's Motion to Dismiss Plaintiff's First and Fourth Claim for Relief shall be denied.

## II.

## STANDARD OF REVIEW

A complaint must put the defendant on notice of the plaintiff's claim and the general facts upon which it is based. *Brunetti v. Rubin*, 999 F.Supp.1408, 1409 (D.Colo.1998) (incorporating Fed.R.Civ.P. 9(a)). A plaintiff need not precisely state the elements of each claim, but he must provide direct or inferential allegations that would support recovery under some legal theory. *Id*. Rule 8(a) of the Rules of Civil Procedure sets forth the basic federal pleading requirement that a pleading "shall contain [. . .] a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cr.1976)

There is a strong presumption against granting a motion to dismiss for failure to state a claim. *Maez v. Mtn. States Tel. & Tel., Inc., 54 F.3d 1488, 1496* (10th Cir.1995)(referring to the Federal Rules of Civil Procedure), and unless it is clear "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," such motions must be denied. *American*

1  *Media*, 156 F.Supp.2d at 1204. Accordingly, well-pleaded allegations in the complaint must be

2  treated as true, and any reasonable inferences arising from them must be construed in the

3  plaintiff's favor. *Id*.

4  In short, the fundamental purpose of pleadings is to give adequate notice to the parties of

5  each side's claims, and that the claim provide direct or inferential allegations under some legal

6  theory in a short and plain statement.

### III.

### CLAIMS I AND IV OF THE COMPLAINT ARE SUFFICIENT ALLEGATIONS TO PLACE THE DEFENDANT ON NOTICE

A.  Plaintiff's First Claims For Relief States A Violation Of The ADA.

15  Defendant claims that plaintiff's first claim for relief fails to state an ADA violation as it

16  does not allege any facts showing an effect on commerce. (Defendant's Memorandum, p.3)

17  Defendant clarified that in order to find that a private entity, such as Defendant, has violated the

18  ADA, that the private entity's operation must first affect commerce to be considered a public

19  accommodation. (Defendant's Memorandum, p.3.) Thus, the extent of what defines 'public

20  accommodation' and 'commerce' are elements for an ADA violation.

21  Defendant mistakenly argues that Plaintiff is required to list the elements of recovery,

22  contrary to *Brunetti*. According to *Brunetti*, Plaintiff, here, does not need to state the elements of

23  each claim, but that Plaintiff must provide direct or inferential allegations that would support

24  recovery under *some* legal theory. The legal theory for recovery which Plaintiff provides is the

25  ADA as directly alleged in the Complaint. (*see* page 3 of Complaint.)

26  Moreover, for purposes of placing the Defendant on adequate notice for an ADA

27  violation, the Plaintiff is not required to allege facts showing an effect on commerce. The ADA

1  prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods of
2  any place of public accommodation. 42 U.S.C.A. § 12182. The allegation was regarding an
3  ADA violation, which Plaintiff clearly indicated short and simple in the Complaint. (Complaint,
4  p.3.) Given that Defendant is a ferry that transports people and cargo, and the Complaint states
5  that Defendant has violated the ADA. This adequately places Defendant on notice that it is
6  being held to the standard of a public accommodation.
7      Thus, Plaintiff's first claim clearly states a violation of the ADA and accordingly,
8  Plaintiff respectfully requests that this court denies the Defendant's Motion to Dismiss.

10      B.    <u>Plaintiff's Fourth Claim For Relief States A Violation Of The Civil Rights Act Of
11  1964.</u>

13      Defendant claims that Plaintiff's fourth claim for relief fails to state a violation of the
14  Civil Rights Act of 1964 (CRA). (Defendant's Memorandum, p.4) Defendant stated that the test
15  for whether a private entity is a 'public accommodation' is the same test as that under the ADA.
16  (Defendant's Memorandum, p.5.)
17      Defendant's argument regarding 'public accommodation' and Plaintiff's failure to allege
18  facts showing an effect on commerce fails for the same purpose as stated in subsection A of this
19  Memorandum – such that Defendant mistakenly assumes that Plaintiff is required to list the
20  elements of recovery.
21      For purposes of pleadings, Plaintiff's fourth claim adequately notified Defendant that it
22  violated the CRA when it (1) prevented Plaintiff from boarding the ferry because the Plaintiff
23  was Chamorro and not Chinese, (2) claimed, ensured and treated Chinese passengers with
24  preferential treatment, (3) denied Plaintiff any preferential treatment because she is Chamorro,
25  (4) forced Plaintiff to stand aside and wait for Chinese passengers to pass Plaintiff and to board

1　the ferry with priority; and (5) forced Plaintiff to wait in the rain while Chinese passengers were
2　given priority to board the ferry, a safe and dry area. (Complaint, p.6.)

3　　　Although Plaintiff is not required to list the elements of 'public accommodation' and
4　'commerce' to place the Defendant on notice for a CRA violation, Plaintiff has indicated in its
5　Complaint of Defendant's relation with commerce. (see Complaint, p.6.) Plaintiff states that the
6　Defendant is involved in commerce because between Saipan and Tinian Defendant (a) is
7　involved in the economic activity of operating a ferry to transport people and cargo, (b) has
8　availed itself to the use of the water channel, and (c) operates the instrument of a ferry to
9　transport instrumentalities such as people of all races and origins. (Complaint, p.6.) Moreover,
10　Plaintiff has specifically notified Plaintiff that the CRA applies to the Defendant through the
11　Interstate Commerce Clause. (Complaint, p.6.)

12　　　Thus, Plaintiff's has adequately notified Defendant that it's operation as a private entity
13　affecting commerce between the waters of Saipan and Tinian will be considered a public
14　accommodation. Furthermore, because the Defendant's action violated the CRA, and the
15　complaint indicates as such, Defendant has been placed on adequate notice and Plaintiff is not
16　required to list all elements of the cause of action. Accordingly, Plaintiff requests that this court
17　deny Defendant's Motion to Dismiss.

19　　　C.　<u>Plaintiff's First Claim For Relief Alleges Discrimination on the Basis of Race.</u>

21　　　Defendant claims that Plaintiff's first claim for relief alleges discrimination on the basis
22　of race and not disability. (Defendant's Memorandum, p.4) Contrary to Defendant's claim, the
23　Complaint clearly alleges discrimination on the basis of disability in paragraphs 21 and 23 of the
24　Complaint. Paragraph 21 states that "[d]efendant violated the American Disabilities Act [. . .]
25　when it discriminated against Plaintiff's **disability** because it prevented Plaintiff from boarding

the ferry in light of the fact that the Plaintiff was **disabled**." (Complaint, p.3)(emphasis added) Paragraph 23 states that "[d]efendant further violated the ADA when it discriminated against Plaintiff's **disability** because it denied Plaintiff the full and equal enjoyment of the Defendant's business goods, services, facilities, privileges, advantages, and accommodations." (Complaint, p.3)(emphasis added.) Paragraphs 21 and 23 clearly allege that Plaintiff was discriminated on the basis of her disability. Accordingly, Plaintiff requests that this court denies the Defendant's Motion to Dismiss.

### IV.

### THE AMERICAN DISABILITIES ACT AND EQUAL PROTECTION ACT ARE APPLICABLE TO DEFENDANT IN THIS CASE.

Plaintiff neither alleges nor claims that the commerce clause *generally* applies to the CNMI. However, Plaintiff claims that the commerce clause applies in *this case* because of the nature of the Defendant – a shipping and transportation corporation that has availed itself to the waters in which the U.S. has sovereign rights over. Additionally, the Covenant supports that the commerce clause applies in this case.

A. The Commerce Clause Applies In This Case Because The U.S. Has Paramount Rights In And Over The Waters Between Tinian And Saipan.

The Commerce clause applies in this case because the U.S. has jurisdiction over the waters between Saipan and Tinian. This Court in a previous decision, *Commonwealth of the Northern Mariana Islands v. United States of America*, at 7, WL 22997235 (D.N.Mar.I. 2003), specifically stated, "The jurisdiction of the Commonwealth over the waters off the coast is the same as that of the states," and that "[t]he powers of the states extends only to what the United States claims as territorial waters." The CNMI had sought title to the submerged lands underlying the waters adjacent to the NMI and was denied title because the U.S. possesses

paramount rights in and powers over the waters extending seaward from the NMI. The Court of Appeals affirmed this Court's holding by explicitly stating that the U.S. has paramount rights in and over the waters extending seaward from the NMI. *Commonwealth of the Northern Mariana Islands v. United States of America, 399 F.3d 1057, 1060 (2005)*.

Thus, because the waters extending seaward from the N.M.I. to be U.S. government territory, then it follows that its powers and laws apply to the activities that take place on the waters extending seaward from the NMI. Because the waters between Saipan and Tinian are included in the waters extending seaward from the NMI, then U.S. power and laws applies in this case. Equally, the activities which Defendant engages are activities that operate on the properties belonging to the U.S. government. Therefore, because US power and laws include the commerce clause, then the commerce clause must apply in this case. It would be meaningless to have ownership and be unable to exercise dominion and control over such property.

### B.  Legislative History Supports Applying The Commerce Clause In This Case.

Sections 501 and 502 contain provisions which the drafters of the specifically Covenant intended for U.S. law to apply to the CNMI. These provisions include the 14th Amendment which prohibits the CNMI from depriving any person of life, liberty, or property, without due process, nor deny equal protection of the law. (*see* Covenant § 501(a).) By explicitly including the 14th Amendment of the U.S. Constitution in the Covenant to apply in the CNMI, the drafters of the Covenant wanted to ensure that the people of the CNMI were guaranteed the 14th Amendment rights regardless of the CNMI's independent status as a commonwealth. Thus, however and whatever the CNMI may do in its future as a commonwealth, the 14th Amendment rights may not be infringed upon. Clearly, the drafters of the Covenant held the 14th Amendment of greatest and highest importance.

1   The same rights which the 14th Amendment protects can be found codified in the ADA
2   and CRA, which collectively prohibit certain discriminatory practices. (*see* generally ADA and
3   CRA.) The ADA prohibits discrimination on the basis of disability. (42 U.S.C.A. § 12182(a))
4   The CRA prohibits discrimination or segregation on the basis of race, color, religion or national
5   origin. (42 U.S.C.A. § 2000a) Any discrimination against a person's disability, race, color,
6   religion or national origin is a threat upon a person's liberty and property. These are protections
7   which fall within the 14th Amendment.
8   Here, the Plaintiff's liberty, property, and equal protection of the law were violated when
9   Defendant violated the ADA and CRA. Thus, the commerce clause is a means to an end. To
10  hold that the commerce clause does not apply in this case is to deny the Plaintiff her 14th
11  Amendment rights. Accordingly, Plaintiff respectfully requests that this Court denies the
12  Defendant's Motion to Dismiss.

### V.

### SECTION § 105 OF THE COVENANT DOES NOT PREVENT THE ADA FROM APPLYING IN THIS CASE

18  Defendant claims that even if the commerce clause applied to the Commonwealth, the
19  ADA still does not apply to the Commonwealth because it was passed after 1978 and it's
20  application to the Commonwealth is prohibited by § 105 of the Covenant. (Defendant's
21  Memorandum, pp.13-14.) Defendant relies on the balancing test adopted in *United States ex. rel.*
22  *Richards v. Guerrero*, 4 F.3d 749 (9th Cir. 1993), to find that no compelling federal interest exists
23  which would make the ADA applicable to the CNMI; the test requires that the federal interest to
24  be served by the legislation is balanced by the degree of intrusion into the CNMI's internal
25  affairs. (Defendant's Memorandum, p.14.) Defendant goes further to state that a substantial
26  federal interest cannot be shown with respect to the ADA because the ADA provides a federal

1  civil remedy for local acts which affect commerce and that the Plaintiff's claim's can be
2  addressed through Commonwealth law.  (Defendant's Memorandum, p.15.)
3        To begin with, the ADA's purpose is not only to provide a federal civil remedy for local
4  acts which affect commerce.  Rather, its chief purpose is, as stated in its heading, to prohibit
5  discrimination by public accommodation.  The entire body of the ADA goes to great length to
6  prohibit certain discrimination.  In fact, the body of the ADA goes to greater length to describe
7  what sort of discrimination is prohibited than to describe the remedy available.  Therefore, the
8  ADA's purpose is not to provide a federal civil remedy, but to ensure that discriminatory
9  practices are prohibited.  Given that the Plaintiff has been on the receiving end of the very
10 discriminatory practices prohibited by the ADA, then the ADA applies in this case.
11       Secondly, the precedence set by *Richards* favors the ADA's application in this case.  In
12 *Richards*, the Insular Areas Act's was passed by the U.S. legislature and its application to the
13 CNMI was at issue.  *Id*. at 753 (9th Cir. 1993).  The court in *Richards* found that the Insular
14 Areas Act applied to the CNMI because the U.S.'s significant interest in monitoring the CNMI's
15 collection of taxes to ensure that federal funds are used properly and to determine future federal
16 assistance did not impermissibly intrude into the CNMI's internal affair.  *Id*. at 755 (9th Cir.
17 1993).
18       Like in *Richards*, the ADA's application in this case does not intrude into the CNMI's
19 internal affair within the activities of its properties.  In fact, the ADA's application in this case is
20 to hold a Defendant responsible and accountable for its discriminatory practices.  The ADA's
21 application in this case minimally, if at all, intrudes upon the CNMI's internal affair because by
22 applying the ADA to this case, the CNMI's internal affair is neither at great risk nor at
23 substantial danger; in fact, to apply the ADA in this case would only encourage the CNMI's

internal affair of healthier accommodation practices for persons with a disability. This could hardly be considered an intrusion. Comparably, the U.S. has a significant interest to ensure that the waters in which it is responsible for and which it has jurisdiction in is protected and that its commercial economy is properly regulated. Given that the Defendant in this case operates a ferry on the waters between Saipan and Tinian, the U.S. has a significant interest to ensure that U.S. laws are followed and adhered to. Because the ADA is US law, then it follows that the ADA should apply in this case.

Thus, in light of the significant federal interest at stake here compared with the little, if any, intrusion into the CNMI's internal affair, the ADA applies in this case and the Plaintiff respectfully requests that this Court denies the Defendant's Motion to Dismiss.

## VI.

**REGARDLESS OF THE APPLICATION OF THE COMMERCE CLAUSE TO THIS CASE, THE ADA AND CRA ON THEIR OWN SUFFICIENTLY ESTABLISH THE U.S. GOVERNMENT'S JURISDICTION OVER DEFENDANT**

Even if this Court held that the commerce clause did not apply in this case, the ADA and CRA on their own sufficiently establish the U.S. government's jurisdiction over Defendant because each act, independently, has incorporated into its provisions language similar to the commerce clause. Therefore, Plaintiff does not have to establish the applicability of the commerce clause in its origin from the Article 1 § 8 of the U.S. Constitution because the same language is explicit in both the ADA and CRA, independently. In other words, Plaintiff only needs to establish that the ADA and CRA area applicable in this case.

However, for pleading purposes, Plaintiff needs to only adequately notify Defendant of the allegations. Plaintiff has sufficiently notified Defendant that it is being charged for an ADA and CRA violation. The elements of whether Defendant is a 'public accommodation' and

whether Defendant has affected 'commerce' are elements which Plaintiff does not deny are its burden to prove – at a later time and later date.  Simple put, Plaintiff does not need to allege and establish every single element of its allegations in the Complaint.  (*see generally* Section II of this Memorandum.)

The ADA has its own definitions of when a private entity is considered a 'public accommodation' and when such entities affect 'commerce.'  (42 U.S.C.A. § 12181(7).)  These private entities include (a) establishments that serve food or drink, (b) travel services or other service establishments, (c) other stations used for specified public transportation.  (42 U.S.C.A. § 12181(7)(B), (F) & (G).)  Additionally, the ADA clarifies that commerce means travel, trade, traffic, transportation or communication between any territory.  (42 U.S.C.A. § 12181(1) & (1)(B).)

Similarly, the CRA has its own definition of what 'establishments' are 'public accommodations' and when such establishments affect 'commerce'.  (42 U.S.C.A. § 2000a(a) & (b).)  Public accommodation is any establishment which provides lodging to transient guests and any establishment, any lunch counter, and soda fountain.  (42 U.S.C.A. § 2000a(b)(1), (2), & (4).)  The CRA clarifies that 'commerce' means travel, trade, traffic, commerce, transportation or communication between any territory.  (42 U.S.C.A. § 2000a(b)(4)(C)(4).)

Defendant operates a ferry that transports people and cargo to and from Saipan and Tinian.  As part of its services, Defendant operates a store inside the ferry which sales drinks.  Defendant is the only entity that provides mass public transportation to and from Saipan and Tinian, as the government does not operate any ferry for similar purposes in the same route.  Thus, for all purposes and intents, Defendant is a private entity considered as a public accommodation because it's a ferry operation for the transportation of people and cargo, it's a

1  travel service, that serves drinks and it's specifically the only ferry public transportation to and
2  from Saipan and Tinian.  Moreover, because the Defendant's two points of travel are Saipan and
3  Tinian, which are both territories of the CNMI, then Defendant's operation affects "commerce."
4  However, these are elements which Plaintiff does not deny are its burden to establish, at a later
5  time and date.  Because the definition of what is 'commerce' is included as elements to the ADA
6  and CRA, the commerce clause in its origin from Article 1 § 8 of the U.S. Constitution does not
7  need to apply in order for the ADA and CRA to apply in this case.  Accordingly, Plaintiff
8  respectfully requests that this Court denies the Defendant's Motion to Dismiss.

## VII.

## Conclusion

For the above reasons, Plaintiff respectfully requests that this Court denies in its entirety the Defendant's Motion to Dismiss.

Dated this 13th day of May, 2008.

**TORRES BROTHERS, LLC.**
**ATTORNEYS AT LAW**

_____/s/_____
VICTORINO DLG. TORRES (F0253)
Attorney for Plaintiff

_____/s/_____
VINCENT DLG. TORRES (F0258)
Attorney for Plaintiff