F I L E D
Clerk
District Court

MAY 22 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| CYNTHIA ATTAO, | Civil No. 08-0018 |
| Plaintiff | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND |
| TINIAN SHIPPING AND TRANSPORTATION, INC., | |
| Defendant | |

THIS MATTER came before the court on Thursday, May 22, 2008, for hearing of defendant's motion to dismiss. Plaintiff appeared by and through her attorney, Victorino DLG Torres; defendant appeared by and through its attorney, G. Anthony Long.

THE COURT, having considered the written and oral arguments of counsel, rules as follows.

Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, as stated recently by the Supreme Court, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007).

Here, the court concludes that plaintiff's complaint pleads insufficient facts[1] to make out a claim for relief under either the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, or the Civil Rights Act of 1964, 43 U.S.C. § 2000e *et seq.* The complaint fails to make out a cognizable legal theory, particularly as to the ADA claim, even construing the complaint in the light most favorable to plaintiff.

---

[1] For example, it was not until the hearing that the court learned that plaintiff had been denied boarding and was required to stay overnight in Tinian.

Accordingly, defendant's motion to dismiss the complaint is granted, and plaintiff shall have until **3:30 p.m., Friday, June 6, 2008**, to file a first amended complaint. The court reminds the parties of the admonition of 42 U.S.C. § 12212 that parties to ADA claims should first avail themselves of alternative dispute resolution procedures. Upon joint request of the parties, the court stands ready to assist in resolution of this matter.

DATED this 22nd day of May, 2008.

_____
ALEX R. MUNSON
Judge

3